IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CARL LEE JONES, county jail inmate #021185**                      **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 3:08-cv-122-HTW-LRA**

**UNKNOWN MCMILLER, UNKNOWN BANKS,**
**LARRY DAVIS, UNKNOWN WYATTS,**
**JOHN COOLEY AND MARY RUSHING**                        **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before this Court *sua sponte* for consideration of dismissal. On July 16, 2008, an order [10] was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within thirty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case.

On September 17, 2008, an order [12] was entered directing Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to timely comply with the Court's July 16, 2008 order. In addition, Plaintiff was directed to comply with the July 16, 2008 order by filing the required documentation, within fifteen days. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff did not comply with the Court's order.

On October 28, 2008, this Court entered a second order [14] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

of July 16, 2008. In addition, Plaintiff was directed to comply with the July 16, 2008 order on or before November 12, 2008. The Plaintiff was warned in this Court's order of October 28, 2008, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Plaintiff has failed to comply with this order.

Further, this Court's orders of July 16, 2008, September 17, 2008 and October 28, 2008, warned Plaintiff that his failure to advise this Court of a change of address would result in this cause being dismissed without further written notice to Plaintiff. On July 30, 2008, September 25, 2008 and November 13, 2008, the envelopes containing the orders from this Court were returned by the postal service with the notation "return to sender." Plaintiff has failed to keep the Court informed of his current address.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not complied with three Court orders nor has he contacted this Court since April 10, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendants have never been called upon

to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 26th day of November, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:08-cv-122 HTW-LRA
Memorandum Opinion and Order

3